IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHN L. PURSER,

    Plaintiff,

vs.

DAVID PALMER; JENEIL PARKER;
Officer AUSTIN; Officer TOMPKINS;
C.E.R.T. Officer ANDREW
MCFARLANE; TRACE SIMMONS;
Officer MADDISON; Officer
McIINNIS; TARMARSHE SMITH;
Sgt. WASHINGTON; Officer RUFF;
Officer B. DIXON; Lt. WIMBERLY,
and Officer RUFF,

    Defendants.

CIVIL ACTION NO. CV604-159

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate formerly incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, filed a 42 U.S.C. § 1983 action. On December 12, 2005, Defendant McFarlane ("McFarlane") filed a Motion for Summary Judgment.[1] (Doc. No. 116.) The Clerk of Court mailed a Notice to Plaintiff advising him that McFarlane had filed a Motion for Summary Judgment and that a response was to be filed by January 4, 2006. (Doc. No. 120.) That Notice further advised Plaintiff that:

    1.    If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

---

[1] Defendants Simmons, Kelly, Maddison, Ruff, Dixon-King, Wimberly, Washington, McInnis, T. Smith, Palmer, Parker, Austin, and Tompkins filed a separate Motion for Summary Judgment on October 20, 2005. (Doc. No. 91.) This Motion is addressed in a separate Report and Recommendation of even date.

AO 72A
(Rev. 8/82)

2.  If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3.  If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response.

## STATEMENT OF THE CASE

Plaintiff alleges that McFarlane and several other prison officials kicked, stomped, and punched him so severely that he was rendered unconscious. McFarlane asserts that he has never worked at GSP. McFarlane avers that he has never used excessive force on Plaintiff or any other inmate at GSP. McFarlane also contends that Plaintiff did not exhaust his administrative remedies.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56©); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v.

2

Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v.

3

AO 72A
(Rev. 8/82)

Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085, 89 L. Ed. 2d 251 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, and the extent of injury that the inmate suffered. Id. at 321, 106 S. Ct. at 1085.

In his affidavit, McFarlane states that he has worked at Smith State Prison since 1997. (Doc. No. 118, Def. Ex. V.) McFarlane specifically asserts that he has never worked at GSP and has never exercised force against one of its inmates. (Id.) An affidavit by Ms. Virginia Canady, the Personnel Manager at GSP, supports McFarlane's assertions. (Doc. No. 118, Def. Ex. W.) Ms. Canady reviewed the GSP personnel files and found that at no time since 2000 has an individual named "Andrew McFarlane," or any of its similar derivative names, been employed at GSP. (Id.)

Plaintiff has presented no evidence to refute McFarlane's contentions. Accordingly, McFarlane's Motion for Summary Judgment should be granted. It is unnecessary to address McFarlane's remaining grounds for summary judgment.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the unopposed Motion for Summary Judgment filed by Defendant McFarlane (Doc. No. 116) be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of June, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)