IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHN L. PURSER,

    Plaintiff,

vs.

DAVID PALMER; JENEIL PARKER;
Officer AUSTIN; Officer TOMPKINS;
C.E.R.T. Officer ANDREW
MCFARLANE; TRACE SIMMONS;
Officer MADDISON; Officer
McIINNIS; TARMARSHE SMITH;
Sgt. WASHINGTON; Officer RUFF;
Officer B. DIXON; Lt. WIMBERLY,
and Officer RUFF,

    Defendants.

CIVIL ACTION NO. CV604-159

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. Defendants Palmer, Parker, Austin, Tompkins, Dixon-King, Washington, Wimberly, Ruff, T. Smith, Simmons, McInnis, Kelly, and Madison ("Movants") filed a Motion for Summary Judgment.[1] (Doc. No. 90.) Plaintiff filed a Response. (Doc. No. 109.) For the following reasons, the Motion for Summary Judgment should be **GRANTED**.

---

[1] Defendants H. Smith, Donaldson, Head, and Strand also joined these Defendants in their Motion for Summary Judgment. (See Doc. No. 90.) However, Plaintiff filed a Motion to Dismiss which voluntarily dismissed claims against these Defendants. (Doc. No. 111.) In an Order dated December 6, 2005, the Honorable B. Avant Edenfield granted Plaintiff's Motion to Dismiss and dismissed these claims, without prejudice. (Doc. No. 113.) Defendant McFarlane filed a separate motion for Summary Judgment (Doc. No. 116) which is addressed in a Report and Recommendation of even date.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Plaintiff generally alleges that Movants violated his Eighth Amendment right against cruel and unusual punishment by exercising excessive force against him. Plaintiff contends that Palmer struck him as he walked past his holding pen. Plaintiff alleges that Parker and Washington, along with Palmer, entered the room and beat him. Plaintiff avers that Kelly took him to the medical unit for treatment. Plaintiff contends that Parker, Austin, Tompkins, and Palmer beat him again while in his medical holding cell. Plaintiff alleges that during this beating, Dixon-King, Ruff, Simons, McInnis, Madison, T. Smith, Wimberly, and Kelly were present in the medical unit, but took no action to stop the attacks.

Movants contend that Plaintiff's excessive force and nonfeasance claims fail on the merits. Movants aver that they are also protected by qualified immunity. Movants assert that Plaintiff did not exhaust his administrative remedies prior to filing his Complaint.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The Court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it

2

is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to exercise this fundamental right. Id. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

3

In <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. <u>Id.</u> at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. <u>Id.</u> at 524, 122 S. Ct. at 988; <u>Booth v. Churner</u>, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the Court to consider the adequacy or futility of the administrative remedies afforded to the inmate. <u>Higginbottom v. Carter</u>, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1325 (11th Cir. 1998). The Court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. <u>See id.</u>

Palmer, Parker, and Washington contend that they exercised reasonable force against Plaintiff in his holding cell because Plaintiff struck Palmer's eye. Movants aver that Plaintiff only suffered minor injuries. Movants aver that there is no proof that a second incident in the medical facility occurred. Movants assert that they would have intervened had Plaintiff's health been threatened, and they would have filed an incident report. Movants also contend that Plaintiff did not exhaust his administrative remedies concerning the incidents at issue.

Plaintiff contends that there is a genuine issue of material fact regarding the allegations asserted in his Complaint. Plaintiff avers that he did not strike Palmer. Plaintiff alleges that Movants have presented self-serving affidavits which should be deemed inadmissible. Plaintiff asserts that Movants did not file a Use of Force Incident Report, in order to cover-up the medical unit incident. Plaintiff contends that Prison officials did not comply with Georgia Department of Corrections Standard Operating Procedures ("SOP")

AO 72A
(Rev. 8/82)

while processing his administrative grievances. Plaintiff avers that he presented his grievance to all levels of the grievance process; however, Plaintiff alleges prison officials delayed their response to prevent him from filing a lawsuit.

Georgia Department of Corrections SOP IIB05-0001 allows a prisoner 10 days after an incident to file an informal grievance. (Doc. No. 92, Def.'s Ex. N; Doc. No. 108-1, Pl.'s Ex. L.) A written response regarding an informal grievance will be provided within ten (10) days. Id. After receiving written resolution of his informal grievance, the inmate has five (5) business days to fill out and sign his formal grievance. Id. The Warden will review the grievance and may request further investigation at the institutional level or by the internal investigation division. Id. A response must be given within thirty (30) days. All formal grievances may then be appealed within five (5) business days of receiving the formal grievance determination. Id. The Commissioner's Office or its designee is given ninety (90) days to respond following receipt of the grievance. Id.

According to the documentation provided by the parties, Plaintiff filed his first grievance two (2) days after the alleged incident. After his informal grievance was denied, Plaintiff filed a formal grievance within the appropriate time period. The Warden addressed his formal grievance and stated that he had referred the matter for an internal investigation. Although the exact date is unclear, Plaintiff filed an appeal of the denial of his formal grievance. However, prior to waiting for a determination on this appeal, Plaintiff filed this cause of action on December 23, 2004. Plaintiff received a response from the Corrections Division on March 30, 2005 and a determination on his final appeal on April 1, 2005. (Doc. No. 92, Def.'s Ex. C.)

5

Plaintiff can not file suit until his available administrative remedies are exhausted. See 42 U.S.C. § 1997e(a). There is no evidence that prison officials intentionally delayed their response to avoid litigating Plaintiff's allegations. Plaintiff did not exhaust his available administrative remedies prior to file his complaint.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment (Doc. No. 90) filed by Austin, Dixon-King, Kelly, Madison, McInnis, Palmer, Parker, Ruff, Simmons, Tompkins, T. Smith, Washington, and Wimberly be **GRANTED**. Plaintiff's claims against these Defendants should be dismissed, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 7th day of June, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE